Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

David Robinson,

      Plaintiff,

v.

Aambika Holdings LLC,

      Defendant.

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

David Robinson ("Plaintiff") alleges the following:

## **INTRODUCTION**

1.    Plaintiff brings this action against Aambika Holdings LLC ("Defendant"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Bays Inn ("Bays Inn") located at 446 Lincoln Road E in Vallejo, California, which is sometimes also referred to as having an address of 446 Interstate 80 in Vallejo, California ("Property").

2.    Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## **PARTIES**

3.    Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4.    Defendant is a California corporation with its principal place of business located in Concord, California. At all relevant times to this Complaint, Defendant did business in the State of

California.

## <u>JURISDICTION</u>

5.     The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

6.     Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## <u>VENUE</u>

7.     Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and the Bays Inn are located inside this district and Plaintiff's claims arose in this district.

## <u>FACTUAL ALLEGATIONS</u>

8.     Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

9.     Plaintiff is a paraplegic due to a tragic motorcycle accident.

10.     Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

11.     Plaintiff's symptoms substantially limit his major life activities.

12.     Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

13.     Plaintiff's lives in the San Francisco Bay Area, not far from the Property.

14.     The Bays Inn is a motel offering lodging to the public.

15.     On August 30, 2024, Plaintiff personally visited Bays Inn to inquire about staying the night at the motel.

16.     Plaintiff was in the area because he lives nearby and wanted to get out of his home for an evening.

17.     Upon arriving at Bays Inn, Plaintiff found that Defendant, despite offering parking to non-disabled customers, does not offer any accessible parking whatsoever. Plaintiff was unable to locate any parking space that even resembled an accessible parking space.

18.     Plaintiff would like to return to the Bays Inn in the future as it is a convenient location for Plaintiff to get some rest away from his home.

LAW OFFICE OF
RICK MORIN

19.     The Bays Inn and Property are public accommodations and business establishments.

20.     The Bays Inn and Property are open to the public and their operation affects commerce.

21.     Bays Inn and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

22.     Bays Inn and the Property are alleged to have applied for a permit or have started physical new construction and/or alterations, structural repairs, and/or additions after March 15, 2012.

23.     Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

24.     The accessibility violations identified above resulted in the exclusion of Plaintiff from the business, thereby denying Plaintiff the full and equal enjoyment of Bays Inn's offerings, which is both discriminatory and unlawful under federal and state disability rights laws.

## **FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

25.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26.     Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the Bays Inn and the Property.

27.     The Bays Inn is a public accommodation.

28.     The Property is a public accommodation.

Failure to Remove Architectural Barriers at an Existing Property

29.     Defendant failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

30.     For those barriers where it is not reasonably achievable to remove them, if any, Defendant failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

LAW OFFICE OF
RICK MORIN

1

Failure to Design and Construct an Accessible Property

2      31.    The improvements at the Property are believed to have been designed and constructed,

3  or both, after January 26, 1993, independently triggering access requirements under Title III of the

4  ADA.

5      32.    Defendant violated the ADA by failing to design and construct the facilities at the

6  Property in a manner that was readily accessible to the physically disabled public, including Plaintiff,

7  when it was structurally practical to do so.

8

Failure to Make an Altered Facility Accessible

9      33.    Plaintiff alleges that the Property was modified after January 26, 1993, independently

10  triggering access requirements under the ADA.

11      34.    The ADA requires properties altered in a manner that affects or could affect its usability

12  be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. §

13  12183(a)(2).

14      35.    Defendant altered the Property in a manner that violated the ADA and was not readily

15  accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

16      36.    The configuration and condition of the Property denied Plaintiff a public

17  accommodation due to Plaintiff's disability.

18      37.    It is readily achievable for Defendant to remove the architectural barriers.

19

Failure to Maintain Accessible Features

20      38.    Defendant violated the ADA by failing to maintain in operable and working condition

21  those features of the Bays Inn and Property that are required to be readily accessible to and be usable

22  by persons with disabilities.

23      39.    Defendant's failure in maintaining the Bays Inn and Property in an accessible condition

24  was not an isolated or temporary interruption in service or access due to maintenance or repairs.

25      40.    Defendant's configuration and condition of the Bays Inn and Property denied Plaintiff

26  a public accommodation due to Plaintiff's disability.

27      41.    It is readily achievable for Defendant to remove the barriers.

28      42.    Defendant does not have any legitimate business justification to excuse the condition

and configuration of the Bays Inn and Property.

43.     Defendant's violations are the cause of suffering for Plaintiff.

44.     Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

45.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

46.     The Bays Inn and the Property are business establishments.

47.     As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visits and attempted visits to the Bays Inn at the Property.

48.     The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

49.     Defendant violated the ADA during Plaintiff's visit to Bays Inn and the Property.

50.     Defendant's acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

51.     Plaintiff was harmed.

52.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.

53.     As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

54.     Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1.      Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2.      Damages under the Unruh Civil Rights Act of no less than $25,000;

3.      Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4.      Other relief that the court deems appropriate.

Dated: September 13, 2024                    Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF